

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# USA v. Purnell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3257

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation
"USA v. Purnell" (2009). *2009 Decisions.* Paper 2050.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2050

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-3257

_____

UNITED STATES OF AMERICA.,

Appellee,

v.

CHANCE PURNELL.

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Case No. 02-CR-00025-2
(Honorable James T. Giles)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 8, 2008

Before: McKEE, SMITH, and ROTH  *Circuit Judges*

(Filed:  January 13, 2009)

McKEE, <u>Circuit Judge</u>

Chance Purnell appeals the 20 month sentence of imprisonment imposed by the district court after Purnell violated the terms of his supervised release. For the reasons that follow, we will affirm.

Because we write primarily for the parties, it is not necessary to recite the facts or history of this case except insofar as may be helpful to our brief discussion. The guideline range for the two Grade C violations Purnell admitted was 8-14 months. The maximum statutory penalty was two years. On appeal, Purnell argues that the district court's sentence of 20 months incarceration was unreasonable because it was wholly punitive, disregarded his need for treatment, and ignored the sentencing factors set forth in Section 3553(a). We disagree.

In *Gall v. United States*, 128 S.Ct. 58, *Id* at 597. The Supreme Court clarified that we must first ensure that the district court "committed no significant procedural error, such as ... failing to consider the 3553(a) factors..." *Id.* Absent any procedural error, we must "consider the substantive reasonableness of the sentence imposed under the abuse-of-discretion standard," taking into account the totality of the circumstances. *Id.*

The district court is required to consider each of the § 3553(a) factors and "set forth enough to satisfy the appellate court that he has considered the parties' arguments

and has a reasoned basis for exercising his own legal decision making authority." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (quoting *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007)).

The record shows that the district court considered Purnell's criminal history and the seriousness of the underlying violation. *See.* App. 29-30. Despite Purnell's argument to the contrary, the court also considered his need for drug treatment. Understandably, the court discounted the value of treatment  noting that Purnell had frustrated earlier "trusting and generous" efforts at rehabilitation with "calculated deception." *Id.* at 30.

Purnell also argues that the trial court did not reasonably apply the 3553(a) factors because the sentence exceeds the advisory Guideline range. That argument is frivolous.

Given Purnell's repeated infractions, and his repeated attempts to deceive his probation officers, drug counselors and the court, as well as the number of times he failed supervised release, the court acted quite reasonably in imposing a sentence that exceeded the recommended range.

## II.

For all of the above reasons, we will affirm the district court's sentence.